E-FILED
Thursday, 17 January, 2019 01:13:52 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| RODNEY A. MESSIC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1299 |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Rodney A. Messic's ("Petitioner" or "Messic") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] This matter is now before the Court for preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. Because it plainly appears from the Petition and attached exhibits that the Petitioner is not entitled to relief, Petitioner's § 2241 Petition is SUMMARILY DISMISSED.

In 2008, Messic plead guilty to two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), and two counts of possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), in the Southern District of Illinois. *See United States v. Messic,* No. 07-cr-40037, Judgment (d/e 169) (S.D. Ill. Oct. 17, 2008); *Messic v. Krueger*, No. 17-cv-01018, 2018 WL 1189685, at *1 (C.D. Ill. Mar. 7, 2018). The district court sentenced him to 499 months' imprisonment, consisting of two concurrent 115 month sentences for the bank robbery counts, and consecutive 84 month and 300 month sentences for the firearm counts. *Id.*

---

[1] Citations to documents filed in this case are styled as "Doc. __."

1

Petitioner did not appeal and did not file a § 2255 motion. However, he filed a petition under § 2241 in this district in January 2017. *See Messic,* 2018 WL 1189685 at *1. He argued that, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), his firearm convictions under § 924(c) is invalid. *Id*. The court found his claim could have been brought under § 2255 had he timely filed his motion within a year of the *Johnson* decision, thus he had not shown that § 2255 was "inadequate or ineffective to test the legality of his detention." *Id*.

Messic filed the instant § 2241 Petition (Doc. 1) on August 13, 2018. Messic asserts the same claim he made in his previous § 2241 petition, but this time relies on *Sessions v. Dimaya,* 584 U.S.—, 138 S.Ct. 1204 (2018). In *Dimaya*, the Supreme Court held that the residual clause of 18 U.S.C. § 16, as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was unconstitutionally vague. 138 S.Ct. at 1215-16. Sections 16 and 924(c)(3) are worded identically, so *Dimaya*, at a minimum, provides new support for Messic's argument that § 924(c)(3)'s residual clause is also unconstitutionally vague.

However, as was the case in his previous § 2241 Petition, this Court lacks jurisdiction to hear this claim. Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed

after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

Here, Messic has not filed an initial § 2255 motion, so there is no possibility that his claim could be heard in a § 2241 petition. To the extent that his claim relies on *Dimaya* and that *Dimaya* announced a new right that is retroactive to cases collateral review (which the Court declines to decide here), Messic still can file a timely § 2255 motion pursuant to § 2255(f)(3). If *Dimaya* did not announce a new right that applies retroactively on collateral review, his claim would not meet the first two prongs of the test to determine if § 2255 was "inadequate or ineffective." *See Montana*, 829 F.3d at 783. Either way, Messic's argument that § 2255 is inadequate or ineffective to test the legality of his detention fails, and his claim cannot proceed in a § 2241 petition.

The Court also notes that his petition does not otherwise fall within the § 2255(e) savings clause. First, *Dimaya* is a case of constitutional interpretation and not of statutory interpretation, and, therefore, on that basis alone does not meet the first prong of the test to determine if § 2255

3

was "inadequate or ineffective." *See Montana*, 829 F.3d at 783. Second, regardless of whether the residual clause is unconstitutionally vague, Messic's conviction was proper under the elements clause of § 924(c)(3). In *United States v. Williams*, 864 F.3d 826 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 272, 199 L. Ed. 2d 174 (2017), the Seventh Circuit held that bank robbery under § 2113(a)/(d) categorically qualifies as a crime of violence under the elements clause of § 924(c). *Id.* at 827. Accordingly, Messic fails to meet the third prong of the test to determine if § 2255 was "inadequate or ineffective," because he cannot show there has been a miscarriage of justice. *See Davenport*, 147 F.3d at 611; *Montana*, 829 F.3d at 783.

For the reasons stated above, the Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is SUMMARILY DISMISSED. This matter is now terminated.

Signed on this 17th day of January 2019.

                                              *s/ Sara Darrow*
                                              Sara Darrow
                                              United States District Judge